UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONNA M. GILBERT, PRO SE<br><br>Plaintiff<br><br>v.<br><br>ROSELYN TSO, Director, Indian Health Service (IHS), JOSEPH AMIOTTE, Great Plains IHS Area Director, XAVIER BECERRA, Secretary of the Department of Health and Human Services, TIM LAPOINTE, Director, Great Plains Bureau of Indian Affairs Area DEB HAALAND, Secretary of the Interior JERILYN CHURCH, Director, Great Plains Tribal Leaders Health Board and Oyate Health Center MERRICK B. GARLAND, U.S. Attorney General Alison Ramsdell, U.S. Attorney<br><br>Defendants. | Case No. 5:23-cv-5019<br><br>COMPLAINT AND REQUEST FOR INJUNCTION |

COMES NOW Donna M. Gilbert and requests an immediate Injunction on the demolition of the historic site known as the Sioux San Hospital located at 3200 Canyon Lake Drive, Rapid City, SD as a Public Interest Case.

The Plaintiff has met the Standard for Temporary Restraining Order or Preliminary Injunction and Subject Matter Jurisdiction. (Exhibit 2) "When ruling on a motion for a temporary restraining order or preliminary injunction, the court must consider

(1) the threat of irreparable harm to the moving party;

(2) balancing this harm with any injury an injunction would inflict on other parties;

1

(3) the likelihood of success on the merits; and

(4) the public interest." (Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981)). When weighing these factors, "no single factor is in itself dispositive." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 667 (8th Cir. 1987). "[A] Two of the factors must be considered to determine" whether the balance weighs toward granting the injunction. id." Planned Parenthood Minn. v. Noem, 4:22-CV-04009-KES, at *3 (D.S.D. Jan. 26, 2022)).

An immediate Preliminary Injunction is required because of the following:

(1) Once the historic Sioux San Hospital Building #1 is demolished, the harm is irreparable.

(2) Delaying the destruction of Building #1 will not harm the Oyate Health Center, the Indian Health Service (IHS), or the Bureau of Indian Affairs (BIA) as it is the final step in the project and no other action is dependent on the demolition of this building.

(3) Procedural violations indicate the likelihood of success on the merits.

(4) Public interest is in having this part of the local history preserved.

In Dec., 2019, the Rapid City American Indian community was informed of the plans to demolish all of the historic buildings on the Sioux San Campus as it is called. The Council of Representatives of the Native American Indian Community of Rapid City, SD, and the Black Hills Area responded and had a Civil Engineer assess which buildings were sound and could still be useful. However, after submitting their response to the IHS, it was discovered on the IHS website that a contract to conduct the demolition had already been put in place three months earlier, the previous September, 2019. The notice for community participation was a sham.

Violations of the Administrative Procedure Act

As stated previously, the IHS violated the Administrative Procedure Act aided by the Bureau of Indian Affairs, the Great Plains Tribal Leaders Health Board and the Oyate Health Center. Those violations are as follows:

> 5 USC sec. 702: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

5 USC sec. 704: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

5 USC sec. 706: The court has the power to

"(2) hold unlawful and set aside agency action, findings, and conclusions found to be

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and

"(D) without observance of procedure required by law."

The Sioux San Hospital is not located on any American Indian Reservation but is located on federal Indian property in Rapid City, SD, which is forty-five miles from the nearest American Indian Reservation. In 2018, the IHS solicited Tribal Resolutions from the Oglala Sioux Tribe, the Cheyenne River Sioux Tribe, and the Rosebud Sioux Tribe to authorize a state non-profit corporation, the Great Plains Tribal Leaders Health Board, to enter into an Indian Self Determination Act contract for the management and administration of the Sioux San Hospital. The IHS was then able to relieve itself of the responsibilities of the Sioux San IHS Health facility. However, the fact of the matter is that Tribal Resolutions have no legal authority outside of the exterior boundaries of the Reservations according to their own Tribal Constitutions.

The Sioux San Hospital became a general hospital through the actions of the Rapid City American Indian Community in 1966 as stated in the Federal Register (Federal Register /Vol. 84, No. 81 / Friday, April 26, 2019 /Notices 17843).

In their July, 2017, notice to Congress regarding the closure of the Emergency and Inpatient Departments, the IHS only consulted with the three tribes: Oglala, Rosebud, and Cheyenne River Sioux Tribes, and did not once consult with the Rapid City Indian Community which comprised the 28,000 patients from more than 300 tribes. The notice states:

"...the IHS understands that the tribes primarily served by the Hospital are currently not in support of any closer of the emergency or inpatient departments."

However, IHS did close the Emergency and Inpatient Departments absent the Tribes' consent.

3

Furthermore, in the Environmental Assessment on page 13, the IHS relies on these meetings on the closure of the Sioux San medical center to fulfill its tribal consultation (six meetings in 2017) with the "Cheyenne River, Oglala, and Rosebud Sioux tribes" to determine if Building# 1 could be reused.

"The tribes subsequently determined that it would not be feasible for them to **acquire** the buildings for re-use, thus this potential Alternative was removed from consideration."

It was totally arbitrary to only engage with the three tribes and to fail to engage with the tribal members who live in Rapid City. IHS only asked the three tribes to **acquire** the buildings for reuse, not asking them whether the historic buildings should be destroyed. In their arbitrary decision to exclude the Rapid City American Indian Community, they failed to offer the same considerations to the Community. In addition, IHS knew that the Rapid City American Indian Community was the source of funding for the Sioux San Hospital as a special appropriation. Id.

IHS acknowledges permanent, moderate adverse impacts to cultural and historic resources by demolishing the buildings on the site, but then does nothing to address the loss of these buildings. In addition, which also violated 5 USC Sec. 706(2)(A), IHS had already entered into the Programmatic Agreement with the State Historic Preservation Officer, who signed the agreement on September 4, 2019. No Tribes signed the Programmatic Agreement and this was before the Notice was given to the Rapid City American Indian Community in Dec. 2019.

Furthermore, IHS and the BIA as federal owners of the land violated 5 USC Sec. 706(2)(D) with inadequate public availability of the Draft Supplemental Environmental Assessment (SEA) and the Draft Finding of No Significant Impact (FONSI). The IHS Notice of Availability stated the Draft SEA and Draft FONSI are "available for review" at the Rapid City Public Library. In addition, the Notice was published on December 26, 27, and 28, 2019, on page A6 of the Rapid City Journal but not in any electronic format. It appears that the notice was designed to reach the fewest number of people at a time when many people were distracted by the holidays.

Violation of South Dakota Historic Preservation Laws

The 2006 Environmental Assessment by the IHS indicated that 19 buildings and 2 structures were "eligible for nomination to the National Register of Historic Buildings" and that

the surveys on these buildings "will be presented to the State Historic Preservation Officer for approval." This process does not appear to have been completed. The survey of the Sioux San site that was completed on September 15, 2005, found:

> "The Sioux San buildings are the most intact and the largest collection of pre-1950 resources surveyed during this project. Although the surrounding acreage has diminished over the last fifty years, the campus layout and overall dimensions has not changed since its original plan utilized by the Rapid City Indian School, as evidenced in a comparison of aerial photographs from 1907 and 1938. In addition, several extant buildings date to the early years of the school while several others were constructed during the same time as the present hospital. All buildings, despite interior alterations and some exterior additions, retain a satisfactory level of architectural integrity and are representative of their period of construction. As a collection of historical resources, the buildings at the Sioux Sanitarium reflect the progression in housing designed and constructed by the Bureau of Indian Affairs for its employees, both of the Indian School and of the Hospital." (Exhibit 1)

In addition, the Rapid City Historic Preservation Commission indicated in its May 2021 Historic Preservation Plan at p. 43, that it was attempting to preserve the "Sioux San" Campus and was attempting to engage in conversations with the federal government, several tribes, and members of the Rapid City community.

> "Before an ordinance designating an historic property is adopted pursuant to § 1-19B-20, the local historic preservation commission shall make an investigation and report on the historical, architectural. archaeological, or cultural significance of the property in question."

This step was done, and it appears a meeting was held (Programmatic Agreement at Pages 2-3) Notice regarding the meeting was published in the Rapid City Journal on March 18, 2018, March 21, 2018, and March 25, 2018 for a meeting on Monday, March 26, 2018. This again raises the question of "Why was the historic designation process not completed?"

Request for Relief

This is a request for an immediate Injunction to stop the demolition of Building No. 1, the historic Sioux San Hospital, until this entire issue can be heard on its merits. The demolition of the building has been postponed due to the weather. A timely decision for an Immediate Injunction is in order.

Dated this 5th day of April, 2023.

Respectfully submitted by:

*Donna M Gilbert*
Donna M. Gilbert, Pro Se
506 East Jackson Street
Rapid City, South Dakota 57701
Phone: 605-407-2042
Email: donnamgilbert@msn.com

6

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that on April 5, 2023, a true and correct copy of the foregoing was hand-delivered on the Defendants through their attorney, Alison Ramsdell, U.S. Attorney at 515 9th Street #201, Rapid City, South Dakota 57701. The Complaint and Injunction were also postal mailed to the other Defendants.

*/s/ Donna M. Gilbert*

Donna M. Gilbert, Pro Se
506 East Jackson Street
Rapid City, South Dakota 57701


Postal mailed to the following Defendant:


Name: _____


Address: _____

_____

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donna M. Gilbert

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Pennington Co
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery Co, Rockville, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: Donna M. Gilbert, Pro Se

Attorneys *(If Known)*: Alison Ramsdell, US Attorney

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | [X] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 USC Sec 702, 704, 706

Brief description of cause:
Destruction of Sioux San Building #1

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ zero

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
none

JUDGE _____     DOCKET NUMBER _____

DATE: 4-5-2023

SIGNATURE OF ATTORNEY OF RECORD: Donna M Gilbert Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____